■ In the Matter of the Estate of MABEL B. BROWN, Also Known as MABEL B. SWARTOUT, Deceased. JULIAN O. BROWN et al., Appellants; PERRY SWARTOUT, Respondent.—Appeals from an order of the Surrogate's Court of Otsego County, entered May 30, 1974, which denied appellant's motion to revoke letters of administration issued to respondent and from an order of the Surrogate's Court of Otsego County, entered March 6, 1975, which denied appellant's motion for resettlement of the transcript of the original appeal. Appellant Julian O. Brown was married to the deceased Mabel B. Brown on June 28, 1938. The other appellants are children of that marriage. Julian Brown and the deceased separated in 1961 and executed a separation agreement on February 26, 1963. During August, 1963 decedent and respondent flew to Alabama. The validity of an Alabama divorce obtained by the deceased from appellant Julian Brown at this time is the main issue in this case. Although the deceased and respondent apparently commenced living together in 1962, they were not married until July 12, 1967. They lived together as man and wife until her death on January 1, 1974. Letters of administration were granted to respondent as a "surviving spouse" on February 21, 1974. Appellant Julian Brown applied to the Surrogate's Court of Otsego County for an order revoking the letters on March 2, 1974. This appeal is from the dismissal of that petition and from a subsequent order denying a motion for resettlement of the transcript of this appeal. The Surrogate, in finding that decedent was validly married to respondent at the time of her death, relied primarily upon respondent's testimony and upon a copy of an Alabama divorce decree allegedly dissolving the marriage of decedent to appellant Julian Brown. Respondent's sole testimony on this issue, which was uncorroborated, was that he accompanied decedent to Alabama on one occasion. He admitted on cross-examination that during this trip, which consisted of flying to Alabama one day and returning the next, he had no personal knowledge of the decedent appearing in court or seeing an attorney or of her having in her possession a valid decree of divorce. The copy of the divorce decree is not signed by the Judge and the attestation is uncertified (CPLR 4540). Appellant, in contrast, presented a duly certified statement, by the officer having legal custody of the records of Clinton County, Alabama, where the divorce was allegedly obtained, that a diligent search failed to locate a divorce decree in an action between the decedent and appellant Julian Brown. This is prima facie evidence that there is no such record (CPLR 4521). We conclude that the Surrogate erred in finding that the testimony of respondent and the uncertified divorce decree, both of which have negligible probative value, outweighed the strong evidence of the certified statement as to the search of the Clinton County records. Order reversed, on the law and the facts, and matter remitted to the Surrogate's Court with direction to reopen the proceedings for further proof, if the respondent be so advised within 10 days from the service of the order herein together with due notice of entry or, alternatively, in the absence of said application, to grant the motion to revoke the letters of administration issued to respondent and thereupon to conduct further proceedings for the appropriate issuance of letters of administration, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.